**No. 56896.**—Metal Traders, Inc., and W. J. Byrnes & Co., Inc. *v.* United States, protest 175988–K (San Francisco).

Opinion by RAO, J. An examination of the documents received in evidence revealed that the involved merchandise contains tin, antimony, arsenic, lead, copper, nickel, iron, silver, and bismuth, whereas solder, as commercially known, does not contain copper, nickel, iron, or silver. It further appeared that the report of the examiner was not received by the collector within the time prescribed by section 515, Tariff Act of 1930, for the collector's reconsideration of protest claims, and although the claim herein was conceded by the collector, the protest was forwarded to the court. On the record presented, the claim of the plaintiff was sustained.

**No. 56897.**—C. S. Allen Corp. *v.* United States, protests 171656–K, etc. (New. York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *C. S. Allen Corp.* v. *United States* (38 C. C. P. A. 48, C. A. D. 438), the claim of the plaintiff was sustained.

**No. 56898.**—Freund-Mayer Co., Inc., and H. W. Robinson & Co. *v.* United States, protests 141082–K, etc. (New York).

Opinion by RAO, J. It was stipulated that the merchandise is the same in all material respects as that the subject of *Freund Mayer & Co.. Inc.* v. *United States* (39 C. C. P. A. 123, C. A. D. 474). Upon the agreed statement of facts and following the cited authority, it was held that the merchandise entered prior to January 1, 1948, is dutiable at 30 percent under paragraph 1413, and that which was entered subsequent to said date is dutiable at 15 percent under said paragraph, as modified, *supra.*